UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-03945 PA (Ex) | Date | May 12, 2021 |
|---|---|---|---|
| Title | Eduardo Williams v. Neovia Logistics Services, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| K. Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Neovia Logistics Distribution, L.P. (erroneously sued as Neovia Logistics Services LLC) ("Removing Defendant"). (Dkt. No. 1 ("Removal").) In its Notice of Removal, Removing Defendant asserts that this Court has jurisdiction over the action brought by plaintiff Eduardo Williams ("Plaintiff") against Removing Defendant and defendants On Time Staffing, Inc. and Romero Lopez based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Removing Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-03945 PA (Ex) | Date | May 12, 2021 |
|---|---|---|---|
| Title | Eduardo Williams v. Neovia Logistics Services, LLC, et al. | | |

Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

There is an exception to the complete diversity rule for fraudulently joined or "sham defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). A non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes. See Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009). Fraudulent joinder arises if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that a plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

In the Notice of Removal, Removing Defendant does not allege the citizenship of defendant Romero Lopez. Instead, Removing Defendant alleges Romero Lopez was fraudulently joined. According to the Complaint, Mr. Lopez was Plaintiff's supervisor, and is a resident of California. (Removal, Ex. 3, Compl. ¶ 7.) According to Removing Defendant, "none of the claims alleged in the Complaint are specifically brought against Mr. Lopez," and Mr. Lopez "is only referenced in passing in the charging allegations in support of [Plaintiff's] sixth claim for negligent hiring, retention, and supervision." (Removal at 7.)

At least on this record, the Court cannot conclude that Plaintiff will not be able to state a viable claim against defendant Mr. Lopez. For example, in his Complaint, Plaintiff alleges "Lopez . . . often used his cell phone to record Plaintiff in an effort to ridicule Plaintiff and share photos and videos with others," and "would instruct new employees to join the Plaintiff 'hate team.'" (Compl. ¶ 19.) The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-03945 PA (Ex) | Date | May 12, 2021 |
|---|---|---|---|
| Title | Eduardo Williams v. Neovia Logistics Services, LLC, et al. | | |

cannot conclude at this stage that Plaintiff would not, for example, be granted leave to amend his Hostile Work Environment - Harassment claim to adequately allege a claim against defendant Mr. Lopez. See Rehmani v. Superior Court, 204 Cal. App. 4th 945, 951 (2012) ("Harassment . . . can take the form of discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.")[1/] Removing Defendant has therefore failed to meet its burden to establish that Mr. Lopez is fraudulently joined, and the Court will not ignore his citizenship for purposes of evaluating whether diversity jurisdiction exists. Because the Court cannot ignore the citizenship of Mr. Lopez, the Court concludes that Removing Defendant has not established that the citizenship of Mr. Lopez is diverse from Plaintiff.

      For all of the foregoing reasons, Removing Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action for lack of subject matter jurisdiction to the Los Angeles Superior Court, Case No. 21STCV12831. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.

---

[1/]     Removing Defendant also argues they do not have a record of an employee named "Romero Lopez." (Removal ¶ 22.) Again, the Court finds this insufficient to determine that Mr. Lopez was fraudulently joined. For example, Plaintiff could have misspelled Mr. Lopez's name in his Complaint.